## WILLIAM EIDEL v. CHRISTIAN REISS.

### Decided June 7, 1923.

**Assault—At Defendant's Place of Business—Evidence Regarding the Aggressor.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *John A. Bernhard.*

*Contra, Arthur R. Lewis.*

PER CURIAM.

The plaintiff sought to recover compensation and punitive damages from the defendant because of an alleged unprovoked assault made upon him by the latter at his (defendant's) place of business in Newark. The trial resulted in a verdict for $2,500 in favor of the plaintiff, and we are asked to set it aside—*first,* because the finding of liability against the defendant is opposed to the weight of the evidence, and *second,* because the verdict is excessive.

That there was an affray between the parties, in which the plaintiff was quite severely injured, is not disputed, the principal matter in controversy being whether in that affray the plaintiff was the original aggressor or whether the defendant committed an unprovoked assault upon him. The jury found that the latter was the fact, and an examination of the testimony satisfies us that they were right in their conclusion. The testimony of the two witnesses called by the plaintiff, Viola Dengel and Jennie Rupperd, each of whom lived opposite to the defendant's premises, and each of whom declared she was an eye-witness to the affray, makes it apparent, not only that the defendant assaulted the plaintiff, apparently without any provocation, but also that the assault was an

unusually brutal one, and was committed without the plaintiff having any opportunity to defend himself. In this situation, the jury were justified, if they believed this evidence, in awarding punitive damages against the defendant, and we do not find anything in the testimony to discredit these two witnesses.

The rule to show cause will be discharged.